**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | |
|---|---|
| **JULIE GRIM,** | ) |
|     **Plaintiff,** | ) Case No. 1:20-cv-126-GNS |
| v. | ) *Filed Electronically* |
| **TOTAL CARD, INC.** | ) |
|     **Defendant.** | ) |

\* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Julie Grim ("Julie"), by and through her attorneys, alleges the following against Defendant Total Card, Inc. ("TCI").

**INTRODUCTION**

1. Count I of Julie's Complaint against TCI is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Julie's Complaint against TCI is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., which prohibits a debt collector from engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt.

3. Count III of Julie's Complaint against TCI is based upon the Kentucky Consumer Protection Act ("KCPA"), KRS §367.170 et seq. The KCPA prohibits unfair, false, misleading, or

deceptive acts or practices in the conduct of any trade or commerce.

4. Count IV of Julie's Complaint against TCI is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## PARTIES

5. Julie is a natural person residing in Warren County, Kentucky.

6. Julie is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. TCI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

8. TCI is a debt collection agency organized in South Dakota, with its principal place of business located at 2700 S. Loraine Place, Sioux Falls, South Dakota 57106.

9. TCI acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

10. Jurisdiction of this court arises under 28 U.S.C. §§1331, 1332, 1367, 47 U.S.C. §227, and 15 U.S.C. §1692k(d).

11. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Julie is a citizen of Kentucky, and TCI is a citizen of South Dakota.

12. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this District.

13. TCI transacts business in Kentucky, and further directed its conduct to and the

effects of its conduct were felt in Kentucky; therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

14. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

15. In or around October 2019, TCI began calling Julie on her cellular telephone number, ending in 7017.

16. The calls mainly originated from the numbers: (800) 849-4392; (629) 206-6072; (629) 206-6904; (629) 206-6934; (629) 296-6072; (629) 206-6972; and (629) 206-6935.

17. Upon information and belief, these phone numbers are owned, operated or controlled by TCI or its agent(s).

18. On or about October 8, 2019, at approximately 10:13 am, Julie answered a call from TCI and spoke with a representative.

19. After picking up the call, Julie heard a series of clicks, beeps or tones, and an unusually long delay before TCI's representative began speaking, consistent with the use of an automatic dialing system.

20. TCI's representative indicated that TCI was attempting to collect an alleged debt owed to the Bank of Missouri originating with a Visa credit card.

21. After going through the identification process, Julie informed the representative that she had no money because she was battling cancer and had several medical bills to pay. Julie further explained that her daughter had recently lost her university's financial aid, forcing Julie to help her daughter pay for her tuition out of pocket.

22. Julie then promised that she would call TCI herself when she could make a payment, and instructed TCI to only communicate with her by mail, thereby revoking consent to be called.

23. Despite Julie expressly informing TCI not to call her and that she could not pay at the time, TCI began a harassment campaign by calling Julie on her cellular phone relentlessly for over five months.

24. On or about October 19, 2019, TCI called Julie twice, at approximately 9:24 am and 10:55 am. After Julie answered each call, a TCI representative indicated that TCI was attempting to collect an alleged debt from her.

25. Julie again explained that she could not make a payment and that she would call when she could make a payment, and if TCI wanted to communicate with her, it should do so by mail, thereby revoking consent to be called for a second and third time.

26. Upon information and belief, Julie answered at least **NINE (9)** more calls from TCI, and on each call Julie asked to be contacted only by mail. After picking up each call, Julie heard a series of clicks, beeps or tones, and an unusually long delay before TCI's representative began speaking, consistent with the use of an automatic dialing system.

27. Despite Julie expressly instructing TCI to communicate with her by mail only on at least **THIRTEEN (13)** separate occasions, TCI continued its harassment campaign by calling Julie on her cellular telephone relentlessly for over five months, including on weekends.

28. Between October 8, 2019 and February 29, 2020, TCI called Julie on her cellular telephone no less than **SEVENTY-NINE (79)** times after Julie's initial request that the calls cease.

29. TCI called Julie virtually every day.

30. TCI called Julie on the weekends.

31. TCI called Julie at all times during the day.

32. Upon information and belief, TCI also called and texted, or attempted to call and text friends and family of Julie with the intention that they would communicate to Julie that TCI was attempting to collect a debt from her, causing Julie additional embarrassment and distress.

33. Upon information and belief, TCI called Julie and delivered prerecorded or artificial voice messages.

34. Upon information and belief, TCI's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

35. On July 24, 2019, in response to varying district court opinions the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

36. TCI is familiar with the TCPA, FDCPA and KCPA.

37. TCI's conduct was not only willful but was done with the intention of causing Julie such distress, so as to induce her to pay the debt, or pay more than she was able to. TCI's conduct was abusive, oppressive, harassing, and annoying.

38. TCI not only called Ms. Grim occupying her phone line and disturbing her day, but it also seriously affected her health, worsening her pain and disrupting her treatment.

39. TCI's intrusion upon Julie's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts. TCI's conduct was especially unreasonable because it called relentlessly shortly after Julie had explained she had no money to pay TCI because, most notably, she was battling cancer. TCI even continued to call Julie after she told its

representatives to stop calling her on thirteen separate occasions.

40. As a result of TCI's conduct, Julie has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

41. The distress TCI intentionally and knowingly caused, interfered with Julie's cancer treatment and worsened her pain and symptoms.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

42. Julie incorporates by reference the foregoing paragraphs as though fully stated herein.

43. TCI violated the TCPA. TCI's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, TCI violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four years prior to the filing of this action, on multiple occasions, TCI violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to

deliver a message without the prior express consent of the called party."

44. As a result of TCI's violations of 47 U.S.C. §227, Julie is entitled to declaratory judgment that TCI's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that TCI knowingly and/or willfully violated the TCPA, Julie is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the FDCPA, 15 U.S.C. §1692 *et seq.*

45. Julie incorporates by reference the foregoing paragraphs as though fully stated herein.

46. TCI violated the FDCPA. TCI's violations include, but are not limited to the following:

   a. TCI violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§1692b to 1692j;

   b. TCI violated §1692b by stating and/or implying to persons other than Julie that Julie owed a debt;

   c. TCI violated §1692c by communicating with Julie at a time, place and manner known by TCI to be inconvenient to Julie;

   d. TCI violated §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   e. TCI violated §1692d(5) by causing Julie's telephone to ring or engaging Julie

    in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Julie at the called number;

  f. TCI violated §1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

47. TCI's acts, as described above, were done knowingly and willfully.

48. As a result of the foregoing violations of the FDCPA, TCI is liable to Julie for declaratory judgment that TCI's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

### Violations of the KCPA, KRS §367.170 *et seq.*

49. Julie incorporates by reference the foregoing paragraphs as though fully stated herein.

50. TCI violated the KCPA. TCI's violations include, but are not limited to using unfair, unconscionable, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. KRS §367.170(1), (2).

51. As a result of the foregoing violations, Julie is entitled actual and punitive damages, and equitable relief. KRS §367.220(1).

52. The KCPA further entitles Julie to recover reasonable attorneys' fees and costs. KRS §367.220(3).

## COUNT IV

### Violation of Invasion of Privacy — Intrusion Upon Seclusion

53. Julie incorporates by reference the foregoing paragraphs as though fully stated herein.

54. The Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55. TCI violated Julie's privacy. TCI's violations include, but are not limited to, the following:

    a. TCI intentionally intruded, physically or otherwise, upon Julie's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite several requests for the calls to cease.

    b. The number and frequency of the telephone calls to Julie by TCI after a request(s) for them to cease constitutes an intrusion on Julie's privacy and solitude.

    c. TCI's conduct would be highly offensive to a reasonable person as Julie received calls that constantly interrupted and occupied her phone line, as well as the other damages described above.

    d. The frequency and volume of TCI's calls were harassing to Julie.

    e. TCI's acts, as described above, were done intentionally with the purpose of coercing Julie to pay the alleged debt.

56. As a result of TCI's violations of Julie's privacy, TCI is liable to Julie for actual damages. If the Court finds that the conduct is found to be egregious, Julie may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Julie hereby demands a trial by jury of all issues triable by

jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Julie Grim respectfully requests judgment be entered against Defendant Total Card, Inc. for the following:

A. Declaratory judgment that TCI violated the TCPA, the FDCPA, and the KCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Actual, statutory and punitive damages pursuant to 15 U.S.C. §1692k(a);

E. Actual and punitive damages pursuant to KRS §367.220(1);

F. Attorneys' fees and costs pursuant to KRS §367.220(3) and 15 U.S.C. §1692k(a)(3);

G. Actual and punitive damages for TCI's intrusion upon Julie's seclusion;

H. Awarding Julie any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

    Respectfully submitted,

    CRAIG HENRY PLC
    James Craig

    *s/* James Craig
    401 West Main Street, Suite 1900
    Louisville, Kentucky 40202
    Telephone: (502) 614-5962
    jcraig@craighenrylaw.com

    *Counsel for Plaintiff Julie Grim*